1  JEFFREY S. BUCHOLTZ
   Acting Assistant Attorney General
2  C. FREDERICK BECKNER III
   Deputy Assistant Attorney General
3  TIMOTHY P. GARREN
   Director, Torts Branch
4  MARY HAMPTON MASON
   Senior Trial Attorney
5  GLENN S. GREENE
   Trial Attorney
6  Torts Branch, Civil Division
7  United States Department of Justice
   P.O. Box 7146
8  Ben Franklin Station
   Washington, D.C. 20044
9  Telephone:(202) 616-4143
   Facsimile: (202) 616-4314
10 glenn.greene@usdoj.gov
11
   Attorneys for Defendant John Yoo
12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE PADILLA AND ESTELA LEBRON, ) <br> ) <br> PLAINTIFFS, ) <br> ) <br> v. ) <br> ) <br> JOHN YOO, ) <br> ) <br> DEFENDANT. ) <br> ) <br> ) <br> ) | CASE NO.: C 08-00035 JSW <br><br> **STIPULATED REQUEST FOR AN ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND ASSOCIATED DEADLINES** |

Pursuant to Civil Local Rules 6-2 and 7-12, the parties to the above captioned action, through their respective counsel, stipulate to this request for an order continuing the case management conference in this matter until sixty (60) days after the Court decides Defendant John Yoo's dispositive motion. The deadlines associated with the case management conference,

as imposed by Federal Rules of Civil Procedure 26(a)(1) and 26(f), Civil Local Rules 16-8, 16-9, and 16-10, ADR Local Rule 3-5, and this Court in its Order Setting Case Management Conference would be continued accordingly.

In support of this stipulated request, the parties, through their respective counsel, state the following facts:

1.  The Complaint in this matter was filed on January 4, 2008. The plaintiffs seek relief related to or arising out of plaintiff Jose Padilla's former military detention and interrogation as an "enemy combatant."

2.  The defendant is John Yoo, a former federal government official, who is sued in his individual capacity for both equitable and monetary relief.

3.  The plaintiffs assert claims against Defendant Yoo in which they allege violations of numerous constitutional rights and of the Religious Freedom Restoration Act.

4.  Defendant Yoo's response to the Complaint was originally due on March 4, 2008. Pursuant to Civil Local Rule 6-1(a), the parties stipulated that Defendant Yoo would have until March 18, 2008, to file a response to the Complaint. A stipulation to extend the time to respond to the Complaint was filed by Defendant Yoo on February 29, 2008.

5.  To respond to Plaintiffs' Complaint, Defendant Yoo will file a motion that will address the threshold legal issues that Defendant Yoo believes will be dispositive of all of the plaintiffs' claims or at least serve to narrow the issues presented by the Complaint, thereby promoting the goal of securing the just, speedy, and inexpensive resolution of this matter. To prepare this dispositive motion Defendant Yoo will need more time than provided for in the stipulation that was filed on February 29, 2008.

6.  The plaintiffs anticipate they will need more time to respond to Defendant Yoo's dispositive motion than provided for by Civil Local Rule 7-3.

7.  Defendant Yoo anticipates he will need more time to reply to the plaintiffs'

1 response than provided for by Civil Local Rule 7-3.

2     8. Accordingly, the parties have stipulated, subject to the approval of the Court, to the following:

    a. On or before April 1, 2008, Defendant Yoo will file a dispositive motion to the Complaint.

    b. On or before June 2, 2008, the plaintiffs will file a response to Defendant Yoo's dispositive motion.

    c. On or before July 2, 2008, Defendant Yoo will file a reply to the plaintiffs' response.

    d. The case management conference currently scheduled for April 18, 2008, will be continued until sixty (60) days after the Court decides Defendant Yoo's dispositive motion. The deadlines associated with the case management conference, as imposed by Federal Rules of Civil Procedure 26(a)(1) and 26(f), Civil Local Rules 16-8, 16-9, and 16-10, ADR Local Rule 3-5, and this Court in its Order Setting Case Management Conference, will be continued accordingly.

Dated: March 12, 2008

Respectfully submitted,

/S/
Glenn S. Greene
Counsel for John Yoo

/S/
Jonathan M. Freiman, *pro hac vice*
Counsel for Jose Padilla and Estela Lebron

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

/S/
Glenn S. Greene
Counsel for John Yoo

PURSUANT TO STIPULATION, IT IS SO ORDERED

_____
Judge Jeffrey S. Lewis
United States District Court for the
Northern District of California

Dated:_____