IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE PADILLA,

    Plaintiff,

v.

JOHN YOO,

    Defendant.

No. C 08-00035 JSW

**NOTICE OF QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 6, 2009 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 45 minutes to address the following questions:

1. The briefs were drafted and submitted under the previous administration. The current administration has signaled a significant change in policy regarding the treatment of detainees. Have counsel for Yoo fully vetted their position in this case with the Obama administration? Is there any change in legal position as a result of the change in administration?

2. What is Padilla's best argument that the unique circumstances presented here do not constitute "special factors counseling hesitation" to bar a cause of action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 396-97 (1971)? Is there another remedy available to him? Does the Authorization for Use of Military Force Joint Resolution constitute an explicit Congressional declaration that bars this action?

3. Padilla has alleged that Yoo deliberately acted outside the scope of his authority by acting as a policymaker and issuing legal opinions that intentionally misrepresented the state of the law in order to shield those policies from liability. (*See* Complaint at ¶¶ 3, 15, 19, 22, 23, 27-31, 34, 53.) What is Yoo's best argument that, under the Supreme Court's holding in *Wilkie v. Robbins*, 127 S. Ct. 2588, 2601 (2007), there is serious difficulty in defining the claim at the procedural stage of deciding a motion to dismiss?

4. What is Padilla's best argument that qualified immunity is inappropriate where there is no authority affording a designated enemy combatant constitutional protections of the nature or degree he seeks in this case? On what basis does Padilla claim that the rights he seeks to have protected were clearly established at the time of his designation and detention?

5. Is Padilla an enemy combatant by virtue of having been so designated by the President? Even if there is disagreement about whether he was qualified to be so designated, is the designation itself dispositive of Padilla's status for purposes of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6)? In other words, even if Padilla disputes the procedure, does the mere designation of Padilla as an enemy combatant by the President simply make it so? (*See* Complaint at ¶ 43.)

6. What is the significance of the failure to produce and disclose the remaining three memoranda referenced in the complaint? Is Yoo required to produce all memoranda mentioned in the complaint now that he has produced and made three of them public?

7. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: March 5, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2